May 30, 2017

Benjamin Jackson
Associate
(212) 336-2255
Direct Fax: (212) 336-2444
bjackson@pbwt.com

*Via ECF*

The Hon. James C. Francis
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   **Plaintiff's Letter Regarding Plaintiff's Request for Limited Reopening of Discovery Following the Appointment of *Pro Bono* Counsel for Plaintiff in *Jerez v. City of New York et al.*, <u>No. 13-CV-8822</u>**

Dear Judge Francis:

We write on behalf of Plaintiff Candido Jerez in the above-referenced action.

**A.   Background**

As you will recall, the parties attended a status conference with Your Honor on May 8, 2017, at which Your Honor directed the parties to submit a joint letter to the Court setting forth their positions on Plaintiff Candido Jerez's request that discovery be reopened on a limited basis now that he has been appointed *pro bono* counsel. Your Honor instructed the parties to file the joint letter with the Court not later than May 22, 2017, and later extended the deadline to May 30, 2017 after Defendants requested an extension with Plaintiff's consent. (ECF No. 78.)

On May 10, 2017, two days after the conference, Plaintiff provided Ms. Amatullah Booth (counsel for Defendants) with a three-page-long draft of Plaintiff's portion of the joint discovery letter. Unfortunately, despite repeated requests by Plaintiff, Defendants did not provide Plaintiff with a draft of their portion of the joint letter until today, May 30, 2017, when at 5:31 p.m., Defendants sent Plaintiff a thirteen-page-long memorandum of law. As Plaintiff does not have an adequate amount of time to respond to Defendants' memorandum of law, Plaintiff informed Defendants that it would write separately to the Court. Defendants have represented that they are re-working their statement and will submit a revised version tomorrow.

Accordingly, Plaintiff respectfully submits the following request for a limited reopening of discovery. Specifically, Plaintiff seeks: (1) to depose Correction Officer Hughes (#7735), Correction Officer Johnson (#18470), Correction Officer Hedges (#2196), Captain Reed (#1032), Correction Officer Semidey (#18738), and Dr. Chery, M.D.; (2) the disciplinary files of the four individual defendants; and (3) policy documents regarding the documentation of incidents involving the use of force. Earlier today, Mr. Raju Sundaran, who supervises Ms. Booth, represented to Plaintiff that contrary to the assertions in Defendants' draft memorandum of law, Defendants would be willing to consider a compromise whereby Defendants would consent to the six depositions listed above and would provide the disciplinary files of the individual defendants to the extent they reflect the use of force and false statements. Defendants later informed Plaintiff that they would not agree to a reopening of discovery. Although Plaintiff maintains that he is entitled to all of the discovery sought herein, Plaintiff would be amenable to the proposed compromise if so ordered by the Court.

### B.  Plaintiff's Request for a Limited Reopening of Discovery

Courts in this District and elsewhere routinely grant requests for limited reopening of discovery following the appointment of *pro bono* counsel. *See, e.g., Taylor v. Potter*, No. 99 Civ. 4941 (AJP), 2004 WL 1811423, 2004 U.S. Dist. LEXIS 15992, at *28-29 (S.D.N.Y. Aug. 16); *see also Brown v. Victor*, No. 11-cv-35S, 2017 WL 130266, 2017 U.S. Dist. LEXIS 5452, at *9-10 (W.D.N.Y. Jan. 13) (collecting cases). Sound policy supports this practice: reopening discovery in cases like this one permits the previously *pro se* plaintiff to enjoy the full benefit of counsel, facilitates a more reasoned search for truth, prevents trial by surprise, and encourages more focused settlement discussions. *See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1063 (2d Cir. 1979) (discovery "expedit[es] the litigation process and . . . transform[s] the sporting trial-by-surprise into a more reasoned search for truth"); *see also Rivera v. NIBCO, Inc.*, 384 F.3d 822, 824 n.2 (9th Cir. 2004) (Bea, J., dissenting) (the "facilitation of settlement" is a "core purpose of discovery"). Here, counsel for Defendants previously represented during several meet-and-confers that Defendants would be willing to consent to a limited reopening of discovery in this matter. However, during the May 8, 2017 status conference and in subsequent meet-and-confers, Defendants have taken a different view, and have said that they will oppose any reopening of discovery in this matter.

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, discovery may be reopened "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As Your Honor has explained, a court considering a request for leave to reopen discovery will consider (1) whether further discovery is likely to lead to relevant evidence, (2) the diligence of the moving party, (3) whether the non-moving party will suffer prejudice, (4) the imminence of trial, and (5) whether the request is opposed. *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10 Civ. 1676 (GBD) (JCF), 2011 WL 1642377, 2011 U.S. Dist. LEXIS 44756, at *12 (S.D.N.Y. Apr. 25) (Francis, J.). Here, all but the final factor weigh in favor of Mr. Jerez. The discovery Mr. Jerez seeks consists of just a small number of depositions and two targeted document requests, each of which

is likely to lead to relevant evidence and all of which can be completed expeditiously and without undue burden to either the parties or the Court:

- **Depositions**: Mr. Jerez seeks to depose the following individuals:

    - **The four individual defendants—Correction Officer Hughes (#7735), Correction Officer Johnson (#18470), Correction Officer Hedges (#2196), and Captain Reed (#1032):** Depositions of individual defendants in cases brought by Rikers Island inmates are not only likely to lead to relevant evidence—they are, by their very nature, relevant evidence. It is for this reason that the opportunity to depose the individual defendants is nearly always afforded to an inmate plaintiff when they are represented by *pro bono* counsel. *See, e.g.*, Flores v. Captain Nieva, No. 14 Civ. 7960 (KPF), 2017 U.S. Dist. LEXIS 32220, at *4-5 (S.D.N.Y. Mar. 6) (appointing *pro bono* counsel to, *inter alia*, depose defendant corrections officers); *Smith v. Collins*, No. 15 Civ. 0216 (PAE) (JCF), 2016 WL 1178750, 2016 U.S. Dist. LEXIS 42666, at *2 (S.D.N.Y. Mar. 18) (Francis, J.) (same). Mr. Jerez was injured at the hands of each of the individual defendants. As such, each of these defendants clearly has relevant information about the incident in question. Indeed, each of the individual defendants submitted declarations in support of defendants' motion for summary judgment. *See* ECF Nos. 52-7, 52-8, 52-9, 52-10. These self-serving declarations and the brief "official" statements made by these defendants are insufficient to allow Mr. Jerez to fully evaluate the facts and how these defendants could be expected to testify at trial. Moreover, Mr. Jerez should be permitted to test these statements through a deposition, and not forced to accept them at face value. This is the essence of why discovery is permitted. Now that he has the benefit of counsel, Mr. Jerez should be permitted to depose the officers who injured him. During meet-and-confers, Defendants initially stated that Mr. Jerez's request for these depositions was reasonable, but they now object to them.

    - **Correction Officer Semidey (#18738):** Counsel for Defendants has represented that the primary defense in this action is that Mr. Jerez's injuries were sustained during an altercation with Correction Officer Semidey, not the individual defendants. Further, documents submitted by defendants in support of their motion for summary judgment establish that the incident photos of Mr. Jerez were taken by Officer Semidey, and that Officer Semidey did not photograph Mr. Jerez's back, as he was supposed to do. *See* ECF No. 52-13. Mr. Jerez therefore seeks to depose Officer Semidey regarding, *inter alia*, the earlier altercation and those photographs. Defendants object to Plaintiff's request to depose Officer Semidey.

- o **Dr. Chery, M.D.:** Documents produced by Defendants establish that following the incident in question, Mr. Jerez was treated by Dr. Chery, M.D. Dr. Chery can testify as to the state of Mr. Jerez's physical injuries immediately following the incident and can provide evidence that is not reflected in the pictures taken by Office Semidey—one of the original defendants, who had a serious altercation with Mr. Jerez just before the incident in question. Mr. Jerez should be able to inquire whether Dr. Chery recalls any additional details regarding Mr. Jerez's injuries. Defendants object to Plaintiff's request to depose Dr. Chery.

- **Disciplinary Files:** Mr. Jerez seeks the disciplinary files of the four individual defendants. Mr. Jerez would be willing to stipulate to a protective order providing that these files be produced on an attorneys'-eyes-only basis. These files are plainly relevant as they could reveal any disciplinary action taken by the officers regarding the incident in question, as well as any prior incidents, which could reflect a pattern of abusive behavior by the defendants. During meet-and-confers, Defendants initially said that they would consent to this request, but now oppose it.

- **Policy Documents Regarding the Documentation of Incidents Involving the Use of Force:** Mr. Jerez seeks documents setting forth policies applicable to correction officers at Rikers Island regarding how to document uses of force against inmates. Although Mr. Jerez no longer has an active claim under *Monell v. Department of Social Services*, 436 U.S. 658, (1978), such evidence would be relevant to his case in that if the officers did not properly document the incident in question, this would be suggestive of a cover-up, which could in turn provide crucial evidence that Mr. Jerez was subject to excessive force. Defendants oppose this request.

The other factors also weigh in favor of Mr. Jerez. Mr. Jerez does not have any legal training and is not knowledgeable about legal discovery, and, on information and belief, he has been homeless for much of the pendency of this litigation, which has limited his ability to pursue discovery in this case. Counsel for Mr. Jerez diligently raised the issue of a limited reopening of discovery the very day they appeared in this matter. ECF No. 73. Further, Defendants will suffer no prejudice from a limited reopening of discovery, as the discovery sought by Mr. Jerez—consisting of six depositions and a targeted request for a small number of documents—should involve only a limited investment of time by counsel for the Defendants. And of course, no trial date has yet been set in this matter.

Counsel for Mr. Jerez has informed counsel for the Defendants that if the court grants Mr. Jerez's request, Mr. Jerez would be willing to submit to an independent dental examination. Counsel for Mr. Jerez will also consider Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff. Mr. Jerez reserves the right to object to Defendants'

interrogatories and requests for production, including objections pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3.

                                                                Respectfully submitted,

                                                                Benjamin F. Jackson

cc:      All counsel of record via ECF