

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

AMATULLAH K. BOOTH
Senior Counsel
phone: (212) 356-3534
fax: (212) 356-3509
abooth@law.nyc.gov

May 31, 2017

**BY ECF**
Honorable James C. Francis
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Candido Jerez v. The City of New York, et al.
13 CV 8822 (GBD) (JCF)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and am assigned to represent the Defendants in the above-referenced action. I write to submit a response to Plaintiff's motion to reopen discovery in the above referenced action, filed under Docket Entry No. 79. During the May 8, 2017 conference in this action, the Court ordered the Parties to submit a joint motion, incorporating Plaintiff's application to reopen discovery, and Defendants' response. The Plaintiff however, decided to file a separate motion, without including Defendants' response, stating that Defendants' response was too lengthy, and therefore did not warrant Plaintiff's response.

Plaintiff here seeks to reopen discovery and primarily avers that solely based on Plaintiff's appointment of Pro-Bono Counsel, Plaintiff *now* has a right to reopen discovery. Plaintiff also argues that (1) up until the appointment of counsel, Mr. Jerez, a pro se litigant, who was *not* incarcerated during the full pendency of this action, was somehow limited in his ability to pursue discovery, (2) defendants previously agreed to further discovery, (3) defendants now also seek *new* discovery, and that (4) a reopening of discovery is warranted, because the discovery Plaintiff now seeks is relevant to this action.

Despite Plaintiff's argument to the contrary, the City does *not* and *never has* agreed to reopen discovery. Indeed, the overwhelming factors in this action militate *against* the reopening of discovery.

Though Plaintiff alleges that Mr. Jerez's ability to pursue discovery was limited in this action, this is however, belied by the facts in this case. In this matter, there is a clear history of Mr. Jerez's *willful* failure to prosecute this action. Plaintiff was never prevented from conducting meaningful discovery, or frustrated by circumstances beyond his control, which prevented him from prosecuting this action.

Indeed, Plaintiff did litigate this action, however, Plaintiff only sought to participate in this matter, when he felt that his actions would bring him some benefit, evinced by Plaintiff's numerous Court applications and filings, Plaintiff's countless failures to comply with Court Orders, and the overwhelming number of times Plaintiff failed to comply with discovery. <u>See</u> *Plaintiff's Applications and Court Filings,* Docket Entry No.s 1, 2, 24, 25, 32, 33, 39, 68; and *Plaintiff's Failure to Comply with Court Orders*, Docket Entry No.s 5, 10, 21, 24, 28, 31, 34, 38, 40, 41, 44, and Docket Entries dated March 12, 2014 and April 2, 2014; and *Defendants' Applications and Communication related to Plaintiff's Failure to Comply with Discovery,* Docket Entry No.s 27, 30, 36, 38, 41, 43, 45. This is further evinced by Plaintiff Jerez's failure to comply with Defendants' Demands and multiple court orders, resulting in Judge Frank Maas' Report and Recommendation to the Honorable Analisa Torres, recommending that this case be dismissed, pursuant to Fed. Rules of Civil Procedure 41(b), *for want of prosecution*. (<u>See</u> Judge Frank Maas' Report and Recommendation to the Honorable Analisa Torres, under Docket Entry No. 38). Moreover, while Plaintiff seeks a limited reopening of discovery, he fails to establish or even address whether the requisite element of *good cause* exists here*,* warranting a reopening of discovery. <u>See</u> U.S.C.S. Fed. R. Civ. P. 16(b)(4) (hereinafter referred to as "Fed. Rule 16"). Defendants submit that the reason that Plaintiff fails to address the requisite element of "good cause" is because it simply does not exist in this action.

Indeed, as the Court is aware, pursuant to Fed. Rule 16(b)(4), when seeking to reopen discovery, the movant must *first* establish "good cause," for the movant's delay and/or failure to previously obtain the newly demanded discovery. Additionally, Fed. Rule 16(b)(4) also requires that the movant obtain the court's consent. Moreover, in *Callaway Golf Co. v. Corporate Trade Inc.*, Your Honor identified various factors that the Court should consider, when deciding whether to grant the movant the Court's consent, to reopen discovery, *after* good cause has been established, which in substance included: (1) the likelihood that further discovery would lead to relevant evidence, (2) the diligence of the moving party, (3) prejudice that will be suffered by the non-moving party, (4) the imminence of trial, and (5) whether the request is opposed. No. 10 Civ. 1676 (GBD) (JCF), 2011 WL 1642377, 2011 U.S. Dist. LEXIS 44756, at *12 (S.D.N.Y. Apr. 25) (Francis, J.). Despite Plaintiff's contention that various cases cited in Plaintiff's motion, support the reopening of discovery here, what Plaintiff overlooks is that every case cited by Plaintiff is completely inapposite with the facts in this action. Moreover, nearly every case, where discovery was reopened, the application was raised *prior* to the court's entry of a decision relating to summary judgment motions, with the exception of one case where the parties previously agreed to reopen discovery, but one party subsequently defaulted on the agreement. Additionally, in absolutely every case cited by Plaintiff, the court found that *good cause* was established by the movant, reasonably explaining their failure to previously obtain the demanded discovery. Here, Plaintiff makes this application absent any showing of *good cause* and *after*: (a) discovery closed, (b) a decision concerning Defendants' summary judgment has been entered, and (b) the scheduling of joint pretrial orders.

Here, Plaintiff seeks to reopen discovery to take six (6) depositions of various individuals, two of which are non-defendant non-party witnesses, voluminous document production concerning disciplinary files of *all* four Defendant Officers, related to their prior history, and Department Of Corrections (hereinafter referred to as "DOC") policy documents, concerning force. Defendants will address each request of the Plaintiff, in turn.

I. **DEPOSITIONS**

   **A. Deposition of Defendant Officers: Hughes, Johnson, Hedges and Captain Reed**

Plaintiff seeks to reopen discovery to depose all Defendant Officers. In support of this application, Plaintiff cites *Flores v. Captain Nieva*, No. 14 Civ. 7960 (KPF), 2017 U.S. Dist. LEXIS 32220, at *4-5 (S.D.N.Y. Mar. 6) and *Smith v. Collins*, No. 15 Civ. 0216 (PAE) (JCF), 2016 U.S. Dist. LEXIS 42666, at *2 (S.D.N.Y. Mar. 18) (Francis, J.). Plaintiff contends that this application should be granted, because the associated testimony is relevant. Again however, Plaintiff fails to establish *good cause* for Plaintiff's failure to previously obtain this evidence. Plaintiff also fails to mention that Plaintiff already has in his possession, multiple detailed statements from each Defendant, concerning the events that took place on the date that is in question, which include (1) comprehensive statements from each Defendant, regarding the date in question, which are included in the DOC investigative report, and (2) declarations of each Defendant that were annexed to Defendants' Summary Judgment motion, which was previously filed and decided in this action. Consequently, testimony from these officers are *not essential* to this case, in that Plaintiff is quite aware of Defendants' position, preventing any surprise at trial.

In *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10 Civ. 1676 (GBD) (JCF), 2011 WL 1642377, 2011 U.S. Dist. LEXIS 44756, at *12 (S.D.N.Y. Apr. 25) (Francis, J.), Your Honor explained that the movant must sufficiently establish that the information associated with the movant's application is *essential* to the action. Your Honor further held that even if the information is essential, an application should be denied should cause not exist. *Id.* Here, the depositions clearly are not essential. Conducting depositions of these Defendants would result in duplicative evidence, which does not warrant a reopening of discovery, given Plaintiff's lack of good cause shown. Consequently, should the Court find this information is essential, Plaintiff's application still fails because Plaintiff failed to establish *good cause*.

   **B. Deposition of Non-Defendant Officer Semidey**

Plaintiff seeks to depose Officer Semidey, a non-party officer. In support of this application, Plaintiff contends that Plaintiff would like to depose Officer Semidy, concerning: (1) Plaintiff's injuries, alleging that Defendants asserted that Plaintiff's injuries resulted from Plaintiff's altercation with this officer, and (2) the photos taken by Officer Semidey, of Plaintiff, after the incident in question, which do not depict Plaintiff's back. Plaintiff again however, fails to first establish *good cause*.

Plaintiff also fails to mention that the entire altercation between this officer and the Plaintiff was captured on video taken at the correctional facility. That video has been produced to the Pro Bono Counsel. Defendants contend that the video is the best evidence to ascertain what events occurred on the

3

date in question. Additionally, Plaintiff possesses detailed statements of this officer, concerning the incident in question, contained in the DOC investigative report, and Defendants' Summary Judgment Motion, annexed as his declaration. Moreover, this non-defendant officer is *not* in a position to testify about injuries that Plaintiff *may have* sustained. The evidence that best establishes this information is contained in Plaintiff's medical records, and Plaintiff's deposition transcript, both of which were previously produced to Plaintiff's Counsel.

Moreover, Plaintiff fails to sufficiently establish that the information associated with this application is *essential* to the action, which is a requirement that is mentioned above. Conducting the deposition of this officer would result in duplicative information, and fails to support a reopening of discovery, given Plaintiff's lack of good cause shown.

### C. Deposition of Dr. Chery, M.D.

Plaintiff also seeks to have discovery reopened to depose Dr. Chery, the physician that treated Plaintiff after the incident that is at issue. In support of this application, Plaintiff contends that this deposition is necessary to obtain the following information: (1) establish Plaintiff's injuries that resulted from the alleged altercation, and (2) to see if by chance, almost four (4) years following the incident, the physician recalls *additional* information concerning Plaintiff's injuries that were not included in Plaintiff's medical records, or the associated notes of the physician.

As an initial matter, again, Plaintiff fails to establish good cause for his failure to previously obtain this information. Additionally, as noted above, the first altercation was captured on video, which was previously produced to Plaintiff's Counsel. Furthermore, information concerning Plaintiff's alleged injuries are also reflected in Plaintiff's medical records, which were drafted by the witness shortly after and/or during the examination of Plaintiff, following the incident. *Color* photographs were also taken of the Plaintiff following the incident, and Plaintiff's deposition testimony also references Plaintiff's alleged injuries. All of this information have been previously produced to Plaintiff's Counsel. Moreover, it is *not* likely that today, the physician would have a detailed independent memory of any significant additional facts, concerning Plaintiff's medical condition, almost 4 years after Plaintiff's treated by the witness.

Again, pursuant to Your Honor's decision in *Callaway Golf Co. v. Corporate Trade Inc.*, this demand should be denied because *good cause* was not shown and the physician's testimony clearly is *not essential* in this action, in that the Plaintiff's: medical records, photographs, and deposition transcript, all sufficiently provide the requisite information necessary, concerning Plaintiff's medical evaluation and condition, on the date at issue. No. 10 Civ. 1676 (GBD) (JCF), 2011 WL 1642377, 2011 U.S. Dist. LEXIS 44756, at *12 (S.D.N.Y. Apr. 25) (Francis, J.)

It appears that the Plaintiff seeks to depose this witness, to conduct a fishing expedition, to search for additional information, despite all the relevant information that is already in Plaintiff's possession.

## II. DISCIPLINARY FILES

Plaintiff also seeks to obtain disciplinary files pertaining to the four Defendant Officers. Plaintiff demanded the following: (1) files related to the incident that is at issue, and (2) files concerning any prior incidents involving the Defendant Officers, for the purposes of establishing a "pattern of abusive behavior by defendants." *See* Plaintiff's Motion, (¶¶3). Plaintiff avers that Defendants *agreed* to make such production of discovery. As noted above, Defendants never made such representation.

Here, Plaintiff Counsel has in his possession, the DOC Investigative report, in connection with the incident that is at issue. That report explains that *none* of the Defendant Officers were disciplined in connection with this incident. Moreover, it is not likely that disciplinary records of these officers, concerning *prior* incidents, would lead to admissible evidence at trial, as the Plaintiff seeks to establish Defendants' propensity to commit the alleged act. Systematically, such evidence is not admissible at trial. Additionally, as mentioned above, diligence and good cause were *not* established by Plaintiff, and based on the forgoing, this information clearly is not *essential* in this action.

## III. DOC POLICY DOCUMENTS REGARDING USE OF FORCE

In this action, Plaintiff does not assert a *Monell* claim against the Department of Corrections. In fact, Plaintiff's initial claim against DOC was dismissed by this Court, on January 8, 2014. *See* Docket Entry No. 5. Despite the aforementioned, Plaintiff continues to seek DOC policy documents concerning force.

Indeed, Plaintiff alleges excessive force in this action, however, the applicable law that would apply at trial has absolutely no bearing on Defendants' compliance with DOC rules and regulations, related to force. The applicable law rests in statute and case law. Therefore, Plaintiff's request for DOC policy documents are not relevant or essential in this action, warranting the reopening of discovery, after close of discovery and the issuance of pre-trial orders, pursuant to Your Honor's ruling in *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10 Civ. 1676 (GBD) (JCF), 2011 WL 1642377, 2011 U.S. Dist. LEXIS 44756, at *12 (S.D.N.Y. Apr. 25) (Francis, J.).

## IV. OTHER FACTORS ASSERTED BY PLAINTIFF IN SUPPORT OF HIS APPLICATION

Plaintiff also relies on additional factors, in support of his application to reopen discovery in this action, such as allegations that: (1) Defendants will suffer no prejudice if discovery is reopened, (2) the discovery requested would result in "only a *limited* investment of time by" Defendants, and (3) no trial date has been set. Plaintiff's contentions are either irrelevant as it relates to the reopening of discovery and/or the statements asserted by Plaintiff simply are not accurate.

Plaintiff asserts that Defendants would suffer no prejudice if discovery were reopened, however, this is not true. If discovery is reopened during this phase of litigation, there is a likely potential that Plaintiff will attempt to either assert additional claims and defenses, and/or alter his position in this action. Reopening discovery could potentially require an amendment to the Summary Judgment *pre-trial*

Order that has already been issued in this case, essentially requiring Defendants to completely re-litigate the issues in this action, including issues pertaining to liability and discovery.

Moreover, again, Plaintiff seeks to take six (6) depositions of various individuals, two of which are non-defendant non-parties. Plaintiff also seeks voluminous document production of disciplinary files, for *all* four Defendant Officers, and policy documents from DOC, concerning force. Despite Plaintiff's representation, conducting the discovery requested by Plaintiff would certainly result in much more than a *limited* investment of time by Defendants.

Lastly, Plaintiff asserts that no trial date has been set, in an attempt to support Plaintiff's contention that trial is not imminent. It is irrelevant however, whether a trial date has been set. Indeed, what is significant is that prior to Plaintiff's application: (1) summary judgment motions were submitted and decided by this Court, and (2) a schedule was set for the parties to submit a Joint Pre-Trial Order, in preparation for trial. This is notable because it evinces that this case is certainly trial ready, despite the absence of a trial date. Additionally, what is notable is that Plaintiff *first* sought to reopen discovery on May 8, 2017, which is at least 577 days or almost *two* years *after* discovery closed in this action, on October 9, 2015, and at least 276 days or *one* year *after* pre-trial orders were issued, in connection with Defendants' Summary Judgment Motion that was decided by this Court, on August 5, 2016. *See* Docket Entry No. 44 and 57.

## V. DEFENDANTS' DISCOVERY DEMANDS

Contrary to plaintiff's assertions, Defendants do not seek to "pursue new avenues of discovery." Defendants simply seek to obtain discovery that Defendants previously demanded, or was frustrated by Plaintiff's previous failures to comply with discovery demands. Indeed, Defendants have sought (1) updated medical authorizations, (2) complete updated medical/mental health records, and (3) responses to Defendants previous demands that were initially served on Plaintiff, on September 4, 2014, which the Court repeatedly *ordered* the Plaintiff to produce, all of which Defendants previously demanded.[1] Defendants would also like to conduct an independent dental examination of the Plaintiff, however, without previously obtaining Plaintiff's properly executed medical authorizations, and his completed dental records, the examination could not have been properly conducted, previously.

## **CONCLUSION**

Here, Plaintiff seeks to reopen discovery to re-litigate issues that have already been limited by this Court and reserved for trial, pursuant to the Order in connection with Defendants' Summary Judgment Motion. Ironically, Plaintiff makes this application pursuant to Fed. Rule 16; a rule that expressly requires the movant to establish *good cause,* and also serves "to punish litigants *and* attorneys

---

[1] Despite Defendants' repeated service of demands on Plaintiff that resulted in multiple court orders directing him to respond, and the Court's prior recommendation to dismiss this action, to date, Plaintiff has yet to provide written responses to Defendants' demands, *or* properly executed authorizations previously demanded by Defendants.

for their noncompliance with discovery and pretrial orders." *Resolution Trust Corp. v. Williams*, 165 FRD 639 (March 28, 1996). The Court in *Reynolds Metals Co. v. Metals Disintegrating Co.*, held that "pre-trial proceedings are designed to determine what issues are, not to invade trial function of resolving those issues." Here however, despite the Court's prior issuance of an order that limited and identified the remaining trial issues in this action, in connection with Defendants' Summary Judgment Motion, Plaintiff *now* seeks to reopen discovery to perform a function that was already performed by this Court, seeking to *identify the issues* in this action, and further resolve those issues, which is not a proper function of pretrial proceedings.

Most importantly, *good cause* is an absolute and independent requirement under the Fed. Rules to warrant a reopening of discovery, which is a requirement that is an *addition* to obtaining the Court's consent. <u>See</u> Fed. Rule 16(6)(4). The Plaintiff however, failed to establish or even address the element of good cause in their application, to warrant a reopening of discovery in this action, and also failed to establish the requisite factors, considered by the Court in determining whether to provide Court consent.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion in its entirety. Defendants further request that this Court grant Defendants' previously demanded discovery, mentioned above.

Thank you for your consideration herein.

Respectfully submitted,

/s/
AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Division

To: **VIA ECF**
Patterson, Belknap, Webb & Tyler, LLP.
All Counsel of Record
*Counsel for Plaintiff*